**JING CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4476–ag.

United States Court of Appeals, Second Circuit.

May 2, 2007.

Gary Yerman, New York, New York, for Petitioner.

David L. Huber, United States Attorney for the Western District of Kentucky, Monica Wheatley, Assistant United States Attorney, Louisville, Kentucky, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Chen, a native and citizen of China, seeks review of a September 5, 2006 order of the BIA affirming the March 11, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Jing Chen*, No. A79 683 187 (B.I.A. Sept. 5, 2006), *aff'g* No. A79 683 187 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

The IJ found Chen to be an incredible witness, as a result of his demeanor at trial, internal inconsistencies in his statements and Chen's failure to provide sufficient authenticated documentary corroboration. We give strong deference to the IJ's demeanor finding, *See, e.g., Zhou Yun Zhang*, 386 F.3d at 73. Further, the IJ found that Chen's assertion that he wished to keep his Falun Gong activity private conflicted with his willingness to practice in his room with the door open when he was aware that people may visit him unexpectedly. Here, the IJ failed to explicitly mention Chen's explanation as to why he

felt safe practicing in his room. However, an IJ is not required to refute on the record each explanation for an inconsistency, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006). Though we may not have reached the same conclusion as the IJ did in this case if we were the fact finder, we are not "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As for the IJ's corroboration finding, we have stated that IJs should be cautious about rejecting an asylum applicant's documents solely for failure to comply with the authentication regulation, 8 C.F.R. § 287.6. *Cao He Lin*, 428 F.3d at 404–05. Second, the agency may not rely on the applicant's mere ability to submit false documents, or on the general prevalence of document forgery in the applicant's country of origin. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir.2006). The Court stated, "given the prevalence of forgery in China, according to the State Department Country Report, most Chinese asylum applicants presumably have the ability to obtain false documents. But it is not reasonable for an IJ to conclude, on that basis, that every witness lies or that every document from China is presumptively a forgery." *Id.* Here, the IJ did not reject the unsubstantiated documents, but instead gave them "diminished weight." This is a proper exercise of the IJ's discretion. Lastly, Chen incorrectly asserts that the IJ failed to consider his corroboration documents that were not issued by the Chinese government. Chen did submit letters from his mother and great aunt, who both discussed the attempted arrest against Chen in July 2002. The IJ acknowledged the letters as evidence and referenced them in her decision. Accordingly, the IJ's adverse corroboration finding was not an abuse of her discretion.

In addition to making an adverse credibility determination, the IJ found that Chen failed to prove he had a well-founded fear of persecution because he failed to establish that he could not avoid persecution by relocating to another part of China. The regulations state that when the persecution would be performed by the government or is government-sponsored, "it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 208.13(b)(3)(ii). However, this only applies if Chen can credibly prove that he was and is a Falun Gong member, the basis for his supposed past and future persecution. As the IJ properly exercised her discretion to find that Chen did not demonstrate that he was a member of Falun Gong and Chen provides no additional reason as to why he would be persecuted upon his return to China, the IJ properly found that Chen did not demonstrate a well-founded fear of future prosecution.

Because the agency correctly determined that Liu did not suffer past persecution and was unable to establish a well-founded fear of future persecution, its denial of asylum was appropriate. Because Liu could not show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003)

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).